IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br>ENERGY FUTURE HOLDINGS CORP., et al.,<br><br>Debtors.<br>_____<br><br>DELAWARE TRUST COMPANY, as INDENTURE TRUSTEE, et al.,<br><br>Appellants,<br><br>v.<br><br>ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC.,<br><br>Appellees. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Bankr. Case No. 14-10979-CSS<br><br><br><br><br><br><br><br><br><br>C. A. No. 15-620-RGA |

## **RECOMMENDATION**

At Wilmington this **17th** day of **September, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel through a joint letter dated September 15, 2015, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Both sides agree that mediation in this matter is unlikely to be productive and jointly request this appeal be removed from the mandatory mediation requirement.

Most of their respective positions were directed to whether the appeal should be expedited including a discussion by Appellants regarding a previously filed request to certify the appeal for direct appal to the Third Circuit. Appellants request and propose a briefing schedule allowing this Court to decide the appeal that will also allow sufficient time for the Court of Appeals to consider any further appeal before the Plan becomes effective. Supporters of the Plan have required confirmation January 15, 2016 and the Plan to become effective by April 2016 (subject to possible extension to June 30, 2016) as conditions for their support. Appellants' proposed briefing schedule is as follows: Appellants' and Intervenor's opening briefs to be due 14 days after entry of a scheduling order; Appellee's brief due 14 days after the filing of the opening briefs; and Appellants' and Intervenor's reply briefs due 10 days after the filing of Appellee's brief. In response to Appellee's concerns regarding the length of the briefs, Appellants rely on Bankruptcy Rule 8015 regarding the word and/or page limits for bankruptcy appeals and note that if Appellee requires more time, it can always file the appropriate motion.

Appellee objects to Appellants' argument regarding equitable mootness since it was been previously raised in this matter and this Court has previously directed Appellee to respond to the issue by September 25, 2015.

Regarding the proposed briefing schedule, Appellee seeks clarification from this Court as to the appropriate page limits for this appeal to propose a reasonable time for its responsive brief. It notes the recent changes in the Federal Rules of Bankruptcy Procedure, in particular Bankruptcy Rule 8015 which allows longer briefs than under the

this Court's Local Rule 7.1.3,[1] and does not provide for a page limit for the Intervenor's brief which could result in Appellant's and Intervenor's initial briefs each being up to 56 pages and their reply briefs each containing up to 28 pages.  Under Bankruptcy Rule 8015(f), a "district court . . . must accept documents that comply with the applicable requirements of this rule."  The default timing for an appeal brief under Bankruptcy Rule 8018(a) is 30 days for a response brief, rather than the 14 days proposed by Appellants.  Although Appellee agrees to a briefing schedule that conforms to both the page limits and timing under the new Bankruptcy Procedure Rules, it opposes Appellant's efforts to have the court adopt a schedule that applies the larger page limits under those rules, while truncating the briefing schedule to 14 days for Appellee's responsive brief(s) for their benefit.  Appellee maintains Appellants' approach unfairly prejudices Appellee by seeking permission to file a very large brief "while simultaneously asking to carve back Appellee's time to review it, consult with clients and draft a response."

       THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.

    IT IS FURTHER RECOMMENDED that this court apply the Federal Rules of Bankruptcy procedure for both the length and timing of the appellate briefing.  In light of the joint letter submission, Appellants have not provided a sufficient basis for reducing

---

[1] This judge is aware that the District Court Advisory Committee is presently considering whether modification to Local Rule 7 and/or additional local rules are required due to the new Bankruptcy Rules.

or changing the briefing schedule under the Bankruptcy Rules, while maintaining the length of briefs under these rules.

This Recommendation does not address the issues related to direct appeal to the Third Circuit Court of Appeals nor equitable mootness.

The parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1. If any objection is filed to this Recommendation, the parties are limited to five (5) pages for the objection and response. Any objection shall be filed within seven (7) days of service of this Recommendation, with the response due within in seven (7) days of service of the objection.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE